IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NATHANIEL HAYES, )
)
     Plaintiff, )
)
v. )     CIVIL ACTION NO. 09-0275-CG-N
)
GRANT CULLIVER, et al., )
)
     Defendants. )

REPORT AND RECOMMENDATION

This matter is before the court on the plaintiff's Motion for Preliminary Injunction (doc.

7). This motion has been referred to the undersigned pursuant to 28 U.S.C. §636 and Local Rule

72.

Plaintiff's Motion for Preliminary Injunction is due to be DENIED for failure to show

any on-going conduct in arguable violation of plaintiff's constitutional rights. Plaintiff

complains, *inter alia*, about being made to sleep on the concrete floor and allegedly being

beating, past occurrences which he claims–without evidence–to be part of a larger conspiracy; he

seeks a general injunction which would , in effect, order defendants not to do anything to

plaintiff. "Federal courts may not grant prospective relief against state officers solely on the

basis of a speculative claim of future injury." Orban v. City of Tampa, 265 Fed. Appx. 877, 880

(11th Cir. 2008).

Conclusion

Based on the foregoing, it is hereby RECOMMENDED that Plaintiff's Motion for

Preliminary Injunction be DENIED. The denial of this motion should be made subject to the

1

right of plaintiff to file a new motion for injunctive relief in the event of specific threats of future or continuing conduct which would constitute such a violation of constitutional rights.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the 14th day of October, 2009.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.